UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLAIN WARREN LANDIN, | Case No. 19-CV-1405 (JRT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Blain Warren Landin's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 (Petition). For the reasons provided below, the Court recommends denying the Petition and dismissing this action without prejudice.

Landin is presently serving two concurrent sentences: (1) a 78-month term resulting from his pleading guilty to one count of possessing 6 grams or more of mixtures containing cocaine, heroin, or methamphetamine; and (2) a 45-month term arising from his pleading guilty to possessing a firearm or ammunition following a conviction for a crime of violence. *See* Register of Actions, *State v. Landin*, No. 46-CR-13-667 (concerning drug-possession conviction) (*Landin I* Docket), *available at* http://pa.courts .state.mn.us (last accessed June 18, 2019); Register of Actions, *State v. Landin*, No. 46-CR-17-60 (concerning conviction for possessing firearm or ammunition after crime-of-violence conviction) (*Landin II* Docket), *available at* http://pa.courts.state.mn.us (last accessed June 18, 2019). His present anticipated release date is in March 2021. *See*

Minn. Dep't of Corrs., Offender Locator—Blain Warren Landin, *available at* https://coms.doc.state.mn.us (last accessed June 18, 2019).

The Court received and filed the Petition on May 28, 2019.  *See* Pet. 1.  It states one ground for relief: Landin seeks a reduction of his sentence, asserting that he has been a "model inmate," that he wants to be a productive member of the community, and that he would like to be able to help his father (who is ill).  *Id.* at 6.

The Court sympathizes with Landin, but this Court is not an appropriate forum for Landin's request, at least not in the first instance.  Under 28 U.S.C. § 2254(b)(1)(A), a § 2254 petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  The U.S. Supreme Court has explained this requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted); *see also, e.g.*, *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (quoting *Baldwin*).  A claim has been "fairly presented" to the state courts if "the state court rules on the merits of [the petitioner's] claims, or if he presents his claims in a manner that entitles him to a ruling on the merits."  *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  In Minnesota, fair presentation requires presentation to the Minnesota Supreme Court.  *See, e.g.*, *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018).

2

As best the Court can tell from the Petition and state-court records of Landin's convictions, Landin has not brought his request for a sentence reduction to the Minnesota state courts in any fashion, much less gone through the mechanisms needed to exhaust his state-court remedies.  See Pet. 4–6; *Landin I* Docket; *Landin II* Docket.  As a result, § 2254(b)(1)(A) bars this court from granting the Petition.[1]  The Court thus recommends denying the Petition and dismissing this action without prejudice.

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (COA).  See 28 U.S.C. § 2253(c)(1)(A).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the U.S. Court of Appeals for the Eighth Circuit, would treat the Petition differently than it is being treated here.  Landin has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Landin not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,
**IT IS HEREBY RECOMMENDED** that:

---

[1] The exhaustion rule of § 2254(b)(1)(A) does not apply if "there is an absence of available State corrective procedures," or "circumstances exist that render such process ineffective to protect the rights of the [petitioner]."  28 U.S.C. § 2254(b)(1)(B).  Landin does not suggest, however, that these conditions apply here.

1. Petitioner Blain Warren Landin's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, be **DENIED**;

2. The action be **DISMISSED** without prejudice; and

3. No certificate of appealability be issued.

Dated: June 28, 2019                          s/David T. Schultz
                                              DAVID T. SCHULTZ
                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).